IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADAM RENE RODRIGUEZ, #58780177 | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 4:21-CV-937-SDJ |
| | § | CRIMINAL NO. 4:19-CR-117(1)-SDJ |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge Bill Davis, who issued a Report and Recommendation (Dkt. #12) recommending that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. Movant filed objections. (Dkt. #13).

In the objections, Movant contends that the case was never referred to United States Magistrate Judge Bill Davis. The record belies that contention. The docket reflects that, on September 3, 2024, the case was reassigned from former United States Magistrate Judge Kimberly C. Priest Johnson to United States Magistrate Judge Bill Davis pursuant to General Order No. 20-46. Accordingly, Movant's first objection lacks merit.

Movant next argues that the Magistrate Judge relied on Fifth Circuit "opinions in violation" of *Riley v. California*, 573 U.S. 373 (2014), and cites *United States v. Howard*, No. 23-50417, 2024 WL 3338594, at *4 (5th Cir. July 9, 2024). (Dkt. #13, p. 1). But Movant provides no argument in support of that conclusory allegation. He fails to explain how *Howard*, or the Magistrate Judge's reliance on *Howard* in noting

1

that the police officers were able to seize Movant's cell phone through the automobile exception to the warrant requirement, violates *Riley*. The Magistrate Judge did not conclude that the automobile exception gave the officers the right to search *the contents* of Movant's cell phone without a warrant. Indeed, the officers obtained a search warrant before searching the contents of Movant's cell phone. Furthermore, the Magistrate Judge properly distinguished this case from *Riley*, in which officers seized cell phones incident to arrest and then examined their contents, including call logs, videos, and photographs, without a warrant.

Movant also objects to the Magistrate Judge's use of the "plain sight rule to justify the search and gathering of evidence from the phone (evidence that was submitted in trial)." (Dkt. #13, p. 1). Movant argues that the evidence showed that "the physical phone was in plain sight, the screen was not." *Id.* The Magistrate Judge found that, during the traffic stop, the police officers legally seized Movant's cell phone pursuant to the "plain view" doctrine because the officers were able to see Movant's cell phone without entering the vehicle. Once the cell phone was seized, the officers viewed only the "Test" text message that was viewable just by looking at the lock screen of Movant's cell phone. The screen, as part of the cell phone, was in plain view. There was no warrantless search of the contents of the cell phone.

Movant further complains that the Magistrate Judge "ignored" the jury's following question: "Was the manner in which Agent Mullican obtained the defendant's phone on the night of the traffic stop legal?" (Crim. ECF Dkt. #70-4, p. 3; Dkt. #13, p. 2). Movant contends that this jury note shows "that indeed a reasonable

jury had doubt." (Dkt. #13, p. 2). As an initial matter, Movant did not delineate a separate claim in his § 2255 motion based on the juror note. Rather, at the end of his argument in support of Ground One, which argued that Movant received ineffective assistance when his trial counsel failed to file a motion to suppress the contents of his cell phone, Movant made a fleeting, conclusory assertion that trial counsel's failure to comment on the jury's question when invited to do so by the undersigned "impacted the jury's verdict and outcome of the trial." (Dkt. #1, p. 11). The Magistrate Judge cannot be expected to address claims not clearly raised in a § 2255 motion. Furthermore, it is unclear how the jury note would have altered the Magistrate Judge's analysis or determination of the ineffective assistance of counsel claim in Ground One. In response to the jury note, the undersigned, upon agreement by both the prosecutor and defense counsel, stated that he would, "number one," remind the jury "of the instruction that they're only to consider the evidence and exhibits that were admitted, and number two, that they need to follow the instructions," and finally, that "no further instructions will be given to them on this point." Crim. ECF (Dkt. #70-4, p. 3). Movant does not show, let alone attempt to explain, how the Magistrate Judge's consideration of the jury note would have changed his conclusion that trial counsel was not ineffective for failing to file a suppression motion.

Additionally, Movant asserts that the Magistrate Judge "chose to defend trial counsel instead of Movant's right to an entrapment instruction." (Dkt. #13, p. 2). Specifically, Movant alleges that the Magistrate Judge "chose to ignore the record that shows [a] government agent taking steps to create evidence of a crime." *Id.* The

3

Report and Recommendation belies that contention and reflects that the Magistrate Judge carefully considered the evidence and properly applied the law in determining whether Movant's counsel was ineffective in failing to pursue an entrapment defense or request a jury instruction on entrapment. That the Magistrate Judge did not reach a conclusion favorable to Movant does not mean that the Magistrate Judge ignored the record.

Movant also objects to the Magistrate Judge's statement that there was no evidence to show that Movant's cell phone went back with the jury during deliberations. Movant reurges the argument raised in his § 2255 motion—that the jury improperly accessed the contents of Movant's phone during jury deliberations. Despite his argument, Movant fails to show that the Magistrate Judge's findings were incorrect or that he is entitled to relief. As noted by the Magistrate Judge, any argument that the jury improperly accessed the contents of Movant's phone during jury deliberations was speculative, as the cell phone was secured in a plastic bag and there was no indication—even if the cell phone went back with the jury—that it was sufficiently powered to turn on or that the jury was able to access any of the contents of the cell phone.

Finally, Movant asserts that the Magistrate Judge addressed claims not raised in the § 2255 motion and failed to address claims that were raised. A review of Movant's § 2255 motion and the Report and Recommendation belies that allegation. The crux of Movant's complaint appears to be that the Magistrate Judge did not rule in Movant's favor.

4

For the foregoing reasons, all of Movant's objections are **OVERRULED**. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 12th day of February, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE